In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00165-CR


______________________________




RAYMOND REX, SR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 276th Judicial District Court


Marion County, Texas


Trial Court No. F13,849




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Raymond Rex, Sr., appeals from his conviction on one count of indecency with a child. Rex
was charged with three counts, one for aggravated sexual assault on a child, and two counts for
indecency with a child. He was acquitted of the two other counts. The jury assessed his punishment
at five years' confinement. The trial court suspended imposition of sentence and placed Rex on
community supervision for five years. 

 Rex contends on appeal that the evidence is both legally and factually insufficient to support
his conviction. This was a relatively short trial, with the State bringing only two witnesses on direct
and one rebuttal witness. 

 In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000).

 In a factual sufficiency review, we review all the evidence, but do so in a neutral light and
determine whether the evidence supporting the verdict is so weak or is so outweighed by the great
weight and preponderance of the evidence that the jury's verdict is clearly wrong or manifestly
unjust. Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008); Roberts v. State, 220 S.W.3d
521, 524 (Tex. Crim. App. 2007). The court has now expounded further, concluding that even if
contradictory witness testimony may be compelling, the jury is the sole judge of what weight to give
to such testimony, Lancon, 253 S.W.3d at 705, and we should afford "almost complete deference
to a jury's decision when that decision is based upon an evaluation of credibility." Id.

 In this case, T.R., the grandson of Rex, testified that in 2001, when T.R. was eleven, he
stayed with his grandparents, and (because of night fears) slept in the bed with Rex. T.R. testified
that on numerous occasions while they were in the bed together, Rex touched T.R.'s penis with his
hand. T.R.'s mother testified that he had never told her anything about the claims and that she was
made aware of the allegations by a counselor. According to T.R., his grandfather and grandmother
often slept in different rooms and beds when he visited.

 On cross-examination, T.R. testified that on a particular night, Rex touched his penis two
times. He testified that he did not know whether Rex was awake at the time, that he had never said
anything to anyone except the counselor about the allegations, that the sexual contact occurred one
time during the summer of 2001, but did not happen in 2002, and perhaps did happen in 2003 or
2004, and that he slept alone in the bed with Rex during his visits those years. He also testified that
neither he nor Rex became aroused. T.R. also testified that no words were spoken and that he never
opened his eyes during the events. However, he also testified that at one point when he felt Rex's
hand on his penis, he rolled away and Rex had to move to touch him again, and that his hand was
moving up and down on T.R.'s penis, and that at one point, there was what T.R. described as
something "slimy and sticky" in the bed between them. However, T.R. also testified that after he
went to wash his hand off and came back to bed, he felt carefully on the bed and there was nothing
there. 

 Rex's wife testified that when the grandchildren visited (they had a number of grandchildren
who visited in staggered intervals each summer), they always slept either with their mother and
father or with Rex and her, and that she and Rex always slept together (with only a single exception
for a slumber party for an adult). She also testified to considerable strife in the family since their son
had divorced from the child's mother. Rex also testified that he and his wife had always slept
together and denied any sexual misconduct of any sort.

 Rex argues that the evidence is insufficient because there is no evidence from which a person
could even conclude (even if an incidental touching occurred) that Rex was awake, and thus there
was no evidence from which to infer either an intent to touch, or that it was to satisfy any sexual
desire. 

 In relevant part under the facts of this case, Section 21.11(c)(1) of the Texas Penal Code, and
the charge sent to the jury criminalizes indecency with a child as follows:

 "sexual contact" means the following acts, if committed with the intent to arouse or
gratify the sexual desire of any person:

 (1) any touching by a person, including touching through clothing, of the
anus, breast, or any part of the genitals of a child . . . .


Tex. Penal Code Ann. § 21.11(c)(1) (Vernon 2003).


 In this case, the jury acquitted Rex of two of the alleged sexual acts, and found him guilty
of touching T.R.'s genitals. The evidence is not particularly strong, but there is evidence that it
occurred, and that when T.R. pulled away, Rex pursued to continue fondling him, and there is
evidence that might indicate an emission of semen by Rex. 

 There is also evidence that, if believed by the jury, could have easily supported a different
result. We are not, however, permitted to second-guess a jury's determination that evidence is
sufficient when the credibility of the witness is at bar, as in this instance. We find the evidence
legally and factually sufficient to support the verdict.

 We affirm the judgment.



 Bailey C. Moseley

 Justice


Date Submitted: November 4, 2008

Date Decided: November 5, 2008


Do Not Publish